**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| DEREK SIMMS | : |
|     Plaintiff | : |
| v | :    Civil Action No. WMN-06-2867 |
| WILLIAM BAIR, *et al.* | : |
|     Defendants | : |

o0o

**MEMORANDUM**

Pending in the above-captioned civil rights action are Defendants' Motions to Dismiss or for Summary Judgment. Papers No. 22 and 24. Plaintiff has filed a Response in Opposition to the motions as well as a cross-motion for summary judgment. Papers No. 29 and 31. Upon review of the papers filed, this Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' Motions to Dismiss or for Summary Judgment, construed as Motions for Summary Judgment, shall be granted.

**Background**

Plaintiff alleges that on October 6, 2006, Dr. Bair examined him because he suffers "anal Crohn's disease." Paper No. 1. He claims the doctor determined he needed surgery for a very deep, infected mass located on the right side of his buttocks near his anal region. *Id*. He states the condition was painful and the doctor performed the surgery in his office without the benefit of pain medication or anesthesia. *Id*. He claims he asked the doctor if he was going to receive pain medication and was told by Dr. Bair he did not have any in his office, that the detention center did not want Bair to perform surgery in a hospital, and that since Plaintiff was an inmate he had to "get it like this." *Id*. Plaintiff claims that he refused the surgery, but the doctor pushed a needle into the painful region, and cut Plaintiff twice with a small knife in an area that was not

numb. *Id*.  He claims the pain was so severe that he almost fell from the examination table, yet was forced to wait 32 hours before receiving any pain medication. *Id*.  He further claims that he received no nursing care for dressing changes even though the area bled a lot.  *Id*.

Plaintiff also states he was not provided with sufficient supplies to care for his Crohn's disease. *Id*.  Specifically, he states he was not provided with the high calorie diet that was ordered, did not receive underclothing to help support the packing required, and was not given supplies to care for the drainage from the infection.  *Id*.  He claims that Warden Williams makes medical decisions concerning the care provided to inmates.  *Id*. He alleges he is required to use wash towels that other inmates have used which is contraindicated by his Crohn's disease.  *Id*.  He states that as a result of the forced surgery performed by Dr. Bair, he has suffered physical pain, infection, and extreme emotional distress. *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing

*Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

Medical Defendants

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry. The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839– 40.

It is undisputed that Plaintiff suffers from Crohn's disease and that he had an infected mass near his anus requiring treatment. Although Plaintiff alleges that Dr. Bair lanced the infection without anesthesia or pain killers, he admits that he was injected with a needle before the incisions were made. Paper No. 1 at p. 5. In his affidavit, Dr. Bair explains that he injected Plaintiff with Lidocaine to numb the area before lancing the abscess. Paper No. 22 at Ex. A, p.

2. For follow-up care, sitz baths three times a day were prescribed to alleviate pain and avoid further infection. *Id*. Plaintiff was assigned to a medical segregation unit following the procedure and the record of his confinement there indicates that he refused the sitz baths prescribed. *Id*. at Ex. I. Plaintiff's claim that he did not refuse the sitz baths, but only insisted on having his own towel, is belied by the medical order which notes that he should be provided with a towel. Paper No. 22 at Ex. I. There is no evidence that a towel was not provided, only Plaintiff's assertion that the towel was not, in his opinion, sufficiently clean. With regard to the diet prescribed to Plaintiff, he complained to Detention Center staff that he should have been provided with double portions of food because he was supposed to be on a high calorie diet. The records indicate, however, that Plaintiff misunderstood the type of diet he was prescribed. Paper No. 22 at Ex. C, p. 2. Staff explained to him that the diet he was prescribed was a high protein diet which does not include double portions. *Id*. Plaintiff continued to argue the point and threatened to add everyone there to his federal lawsuit. *Id*.

The evidence presented establishes that Plaintiff was provided with appropriate medical care. He was examined by a doctor in response to his complaint that his Crohn's disease was extremely flared up, the abscesses were lanced after administration of Lidocaine, and he was placed in medical segregation pending a colonoscopy. Paper No. 22 at Ex. C, E, and F. To the extent that Plaintiff disagreed with how the care was provided, he fails to state a constitutional violation. *See Russell v. Sheffer*, 528 F. 2d 318, 319 (4th Cir. 1975). The medical Defendants are therefore entitled to summary judgment in their favor.

Warden Williams

"Section 1983 liability on the part of the supervisory defendants requires a showing that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." *Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990). Plaintiff's allegations against Warden Williams include his assertion that Williams makes medical decisions by controlling what medical staff are permitted to do. Paper No. 1. In his Motion for Summary Judgment, Plaintiff clarifies the allegation, stating that Williams is not permitted to prohibit the prescription of narcotic pain relievers to inmates. Paper No. 31.

There is no evidence that Warden Williams interfered with delivery of prescribed medications, nor is there any evidence, aside from Plaintiff's bald assertion, that he has authorized constitutionally insufficient medical care. Indeed, detention center staff referred Plaintiff to Dr. Bair's office one day after learning that he required medical attention for his Crohn's disease. Paper No. 1 at p. 26; Paper No. 22 at Ex. A. Moreover, during Plaintiff's confinement to medical segregation from October 6 – 10, 2006, he received medication, including Tylenol with Codeine. Paper No. 22 at Ex. F.

Plaintiff's claim that the medical segregation unit was too restrictive and did not include use of medically trained staff to monitor his condition is also not a basis for a constitutional claim.[1] In determining whether challenged conditions of confinement amount to a constitutional

---

[1] Plaintiff claims he was told he was put on medical segregation because he was "crying sick". Paper No. 26. He asserts he never refused sitz baths and points out that the observation sheets are signed by correctional officers, not medical personnel. *Id*. These assertions, if true, are not sufficient to revive his Eighth Amendment claim.

6

violation, it is not the province of this Court to determine how a particular prison might be more beneficently operated: the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995). The record in this case establishes that Plaintiff was monitored on a regular basis and offered the opportunity to comply with medical orders during his assignment to medical segregation. Paper No. 22 at Ex. C – G. To the extent that the conditions in the unit could have been more comfortable or staffed with more medical personnel, such claims do not state constitutional violations. The Eighth Amendment proscribes cruel and unusual punishment. There is no evidence that Plaintiff's medical treatment or the conditions under which he was confined came close to the degree of deliberate indifference required to establish a violation of the Eighth Amendment.

## Conclusion

Based on the undisputed material facts established by the record in this case, the Court finds no basis to conclude that Defendants violated Plaintiff's constitutional rights. Accordingly, by separate Order which follows, Defendants' Motions for Summary Judgment shall be granted. Plaintiff's Cross-Motion for Summary Judgment and his Motion for Injunctive Relief will be denied.

/s/

  3/12/07  
Date

William M. Nickerson  
Senior United States District Judge